## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DAVID JACKSON**                                                                     **PLAINTIFF**

**v.**                                                                     **1:16-cv-199-HSO-JCG**

**MARSHALL FISHER** *in his*
*individual and official capacities*
*as Commissioner of MDOC*;
**JACQUELYN BANKS** *in her*
*individual and official capacities*
*as Superintendent of SMCI*; **and**
**CENTURION** *(Company), Medical*
*Provider*                                                                     **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT are four motions: (1) a Motion for Preliminary
Injunction (ECF No. 3), filed by *pro se* Plaintiff David Jackson, a postconviction
inmate in the custody of the Mississippi Department of Corrections (MDOC); (2)
a Motion for Summary Judgment for Failure to Exhaust Available
Administrative Remedies (ECF No. 23), filed by Defendants Marshall Fisher and
Jacquelyn Banks; (3) Plaintiff's Motion for Joinder of Party (ECF No. 31); and (4)
Plaintiff's Motion to Amend Pleading (ECF No. 34). In response to Defendants'
Motion for Summary Judgment, Plaintiff filed a document entitled "Exhibits
List" (ECF No. 37). Defendants did not respond to Plaintiff's Motions.

It is uncontested that Plaintiff did not exhaust available administrative
remedies with respect to the claims in his Complaint before filing this lawsuit.

Defendants' Motion for Summary Judgment should be granted and Plaintiff's
Motions denied. This case should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff has, "on 3 or more prior occasions, while incarcerated or detained
in any facility, brought an action or appeal in a court of the United States that
was dismissed on grounds that it [was] frivolous, malicious, or fail[ed] to state a
claim." 28 U.S.C. § 1915(g). Accordingly, Plaintiff has three "strikes" under the
Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R.
3019 (codified as amended in scattered titles and sections of the U.S.C.). A
prisoner who has three "strikes" may not proceed *in forma pauperis* "unless the
prisoner is under imminent danger of serious physical injury." 28 U.S.C. §
1915(g).

Despite having three qualifying dismissals or "strikes,"[1] Plaintiff was
granted permission to proceed *in forma pauperis* in this suit because he alleged
that the medical providers at South Mississippi Correctional Institution (SMCI)
refused to provide him *any* medical care for several chronic conditions, including

---

[1] In *Jackson v. Booker,* No. 00-60115 (5th Cir. Aug. 22, 2000), Plaintiff's appeal was
dismissed as frivolous. In *Jackson v. Sparkman,* No. 4:01-cv-273-GHD (N.D. Miss.
Apr. 12, 2002), Plaintiff's suit was dismissed for failure to state a claim upon which
relief may be granted. In *Jackson v. Sparkman,* 4:01-cv-307-D-B (N.D. Miss. Feb.
22, 2002), Plaintiff's suit was dismissed as frivolous. Plaintiff's suit in *Jackson v.
Epps,* No. 4:07-cv-26-MPM-EMB (N.D. Miss. Feb. 7, 2007), was found worthy of a
strike, and Judge Mills found that "[i]n light of Plaintiff's numerous unsuccessful
and frivolous civil complaints, the Plaintiff is barred from filing any future *pro se in
forma pauperis* complaints without permission of one of the judges of the court."

hepatitis, despite his deteriorating condition. (ECF No. 1, at 6-7; ECF No. 11). According to Plaintiff, he was told by a doctor at SMCI that "they do not treat hepatitis because it's to [sic] expensive." *Id.* at 6. The Court granted Plaintiff pauper status because it could not definitively state that Plaintiff did not meet the imminent danger exception to the three-strikes rule. (ECF No. 11, at 1).

Plaintiff has filed numerous suits since obtaining three strikes. Many previous claims are similar to the allegations lodged in this suit:

In *Jackson v. Corrections Corp. of Am.,* 5:05-cv-92-DCB-JCS (S.D. Miss.), Plaintiff asserted a failure to protect claim, a denial of medical care claim, and a denial of access to courts claim. United States District Judge David Bramlette denied Plaintiff pauper status based on the three-strikes rule found at 28 U.S.C. §1915(g). Plaintiff moved for reconsideration on grounds that he was in imminent danger of serious physical injury because he had been "jumped on" since he filed his complaint and feared for his life. Judge Bramlette denied Plaintiff's motion for reconsideration. Plaintiff's suit was eventually dismissed for failure to pay the filing fee. Plaintiff's appeal was also dismissed for failure to pay the filing fee.

In *Jackson v. Epps,* No. 4:07-cv-26-MPM-EMB (N.D. Miss.), Plaintiff complained regarding inmates stealing his food, his treatment for hepatitis, religious discrimination against him because he was Christian, and lack of electricity to his cell's wall socket. United States District Judge Michael P. Mills found it clear from Plaintiff's pleadings that Plaintiff had been provided medical

3

treatment but merely disagreed with that treatment. Judge Mills dismissed Plaintiff's suit for failure to state a claim upon which relief may be granted and held that "[i]n light of Plaintiff's numerous unsuccessful and frivolous civil complaints, the Plaintiff is barred from filing any future *pro se in forma pauperis* complaints without permission of one of the judges of the court." (ECF No. 6 in 4:07-cv-26-MPM-EMB). Plaintiff's appeal was dismissed for failure to timely pay the docketing fee.

In *Jackson v. Hood*, 3:09-cv-141-TSL-JCS (S.D. Miss.), Plaintiff claimed that the Mississippi Attorney General's office was withholding exculpatory information pertinent to his conviction. United States District Judge Tom S. Lee denied Plaintiff pauper status based on the three-strikes rule. The case was eventually dismissed because Plaintiff did not pay the filing fee.

*Jackson v. Johnson,* 4:10-mc-2-JAD (N.D. Miss.) was another suit before Judge Mills where Plaintiff alleged a denial of medical care. Judge Mills again found Plaintiff's claim negated by his own averments. Plaintiff admitted that he had been seen by a nurse for back pain and dehydration, but Plaintiff alleged that he was entitled to treatment by a doctor. The suit was dismissed for failure to state a claim. Plaintiff was denied pauper status on appeal, and his appeal was dismissed for failure to pay the filing fee.

In *Jackson v. Wexford Health Sources Inc.,* 2:13-cv-19-KS-MTP (S.D. Miss.), Plaintiff claimed that he was being denied treatment for hepatitis and tuberculosis. Plaintiff also complained regarding the handling of his food. United

States District Judge Keith Starrett denied Plaintiff pauper status. He first found that Plaintiff's own averments demonstrated a disagreement with medical treatment, not a lack of medical treatment. Judge Starrett also found that "Plaintiff's use of the phrase imminent danger in his complaint [was] simply an effort to craft his pleadings in a manner which would circumvent the § 1915(g) bar." (ECF No. 20, at 3, in 2:13-cv-19-KS-MTP).

## II. DISCUSSION

A.  <u>Legal Standard</u>

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial.  Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In evaluating a summary judgment motion, the Court must construe "all facts and inferences in the light most favorable to the nonmoving party."  *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012).

B.  <u>Analysis</u>

The PLRA requires prisoners to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement protects administrative agency authority, promotes efficiency, and produces "a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). A prisoner's failure to exhaust available administrative remedies undermines these purposes.

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Id.* at 95.

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon,* 596 F.3d at 272.

6

The Mississippi Code grants MDOC the authority to adopt an administrative review procedure at each of its correctional facilities. Miss. Code Ann. § 47-5-801. MDOC has implemented an Administrative Remedy Program (ARP) through which prisoners may seek formal review of a complaint or grievance relating to any aspect of their incarceration.[2] Effective September 19, 2010, the ARP is a two-step process. *Threadgill v. Moore,* No. 3:10cv378-TSL-MTP, 2011 WL 4388832, *3 n.6 (S.D. Miss. July 25, 2011). MDOC's ARP has been summarized by this Court as follows:

> The ARP is a two-step process. Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may continue to the Second Step by using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. Once an inmate's request for remedy is accepted into the procedure, [he or she] must use the manila envelope that is furnished with his/her Step One response to continue the procedure. A final decision will be made by the Superintendent, Warden or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.

*Stewart v. Woodall*, No. 2:11-cv-207-KS-MTP, 2012 WL 2088883, *2 (S.D. Miss. May 2, 2012)(internal citation omitted).

---

[2]*See* MDOC Inmate Handbook, Ch. VIII, Administrative Remedy Program, http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx

Plaintiff is aware of and has participated in MDOC's ARP. He has offered with his pleadings various grievances and grievance responses that are dated in 2010, 2011, and 2013. (ECF No. 1-1; ECF No. 37, at 6, 8-11). Plaintiff admits, however, that he did not complete MDOC's ARP regarding the claims in this suit. Plaintiff states that he did not participate in the ARP because "[i]t would be fruitless because I have already talked to the medical administrator and was denied." (ECF No. 1, at 3). Defendants have offered the affidavit of Joseph Cooley, custodian of ARP records, who confirms that Plaintiff has not submitted any ARP grievances concerning the claims in this suit. (ECF No. 23-1).

Dismissal of this suit is mandatory because Plaintiff did not exhaust available administrative remedies before filing suit. 42 U.S.C. § 1997e(a); *see Gonzalez*, 702 F.3d at 788. It is irrelevant that Plaintiff believes participating in the ARP process would be fruitless. There is no futility exception to the PLRA's exhaustion requirement, *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001), and proper exhaustion is required. Talking to a medical administrator, and other informal means of complaint are not "proper exhaustion." *Woodford,* 548 U.S. at 95; *see Zebrowski v. U.S. Fed. Bureau of Prisons,* 558 F. App'x 355, 360 (5th Cir. 2014); *Macias v. Zenk,* 495 F.3d 37, 43 (2d Cir. 2007).

Because Plaintiff's claims are barred by 42 U.S.C. § 1997e(a), Plaintiff's Motion for Preliminary Injunction (ECF No. 3) should be denied, and Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 23) should be granted. In his Motion for

Joinder of Party (ECF No. 31), Plaintiff asks to add "Ms. K. Deese," a physician employed by Centurion, as a defendant. The Motion for Joinder of Party should be denied as futile. In his Motion to Amend Pleading (ECF No. 34), Plaintiff seeks to add an unrelated claim regarding the service of his food by unsupervised inmates. The Motion to Amend Pleading should be denied. The proposed new claim does not call into question the imminent danger exception and is precluded by the three-strikes rule in 28 U.S.C. §1915(g).

### III.  <u>RECOMMENDATION</u>

It is recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 3) be denied, Defendants' Motion for Summary Judgment for Failure to Exhaust Available Administrative Remedies (ECF No. 23) be granted, Plaintiff's Motion for Joinder of Party (ECF No. 31) be denied, and (4) Plaintiff's Motion to Amend Pleading (ECF No. 34) be denied. This case should be dismissed without prejudice.

### IV.  <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge.  Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 17th day of November, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE