IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID JACKSON | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:16cv199-HSO-JCG |
| | § | |
| MARSHALL FISHER *in his* | § | |
| *individual and official capacities* | § | |
| *as Commissioner of MDOC;* | § | |
| JACQUELYN BANKS *in her* | § | |
| *individual and official capacities* | § | |
| *as Superintendent of SMCI;* **and** | § | |
| CENTURION *(Company), Medical* | § | |
| *Provider* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [38], DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [3], DENYING
PLAINTIFF'S MOTION FOR JOINDER OF PARTY [31], DENYING
PLAINTIFF'S MOTION TO AMEND PLEADING [23], AND GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [23]**

This matter comes before the Court on pro se Plaintiff David Jackson's

Objection [42] and Supplemental Objection [44] to the Report and Recommendation

[38] of United States Magistrate Judge John C. Gargiulo, entered in this case on

November 17, 2016, regarding four pending motions: (1) Plaintiff's Motion for

Preliminary Injunction [3]; (2) Plaintiff's Motion for Joinder of Party [31]; (3)

Plaintiff's Motion to Amend Pleading [34]; and (4) Defendants Marshall Fisher's

and Jacquelyn Banks' Motion for Summary Judgment [23].   Based upon his review

of Defendants' Motion [23], related pleadings, and relevant legal authority, the

Magistrate Judge recommended that Defendants' Motion for Summary Judgment

[23] be granted and that this case be dismissed.   R. & R. [38] at 2.   Magistrate

Judge Gargiulo also recommended that Plaintiff's motions should be denied.   *Id.*

Plaintiff filed his Objection [42] to the Report and Recommendation [38] on December 2, 2016, and was permitted to file a Supplemental Objection [44] on December 22, 2016.   After thoroughly reviewing Plaintiff's Objections [42], [44], the Magistrate Judge's Report and Recommendation [38], the four pending motions, the record, and relevant legal authority, the Court finds that Plaintiff's Objections [42], [44] should be overruled and that the Magistrate Judge's Report and Recommendation [38] should be adopted as the finding of the Court.   Plaintiff's motions should be denied, Defendants' Motion for Summary Judgment [23] should be granted, and this case should be dismissed without prejudice.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff is currently in the custody of the Mississippi Department of Corrections ("MDOC") and is incarcerated in the South Mississippi Correctional Institution ("SMCI").   Compl. [1] at 4.   Plaintiff filed a Complaint [1] in this Court on June 10, 2016, pursuant to 42 U.S.C. § 1983, naming Marshall Fisher, the MDOC Commissioner, Jacquelyn Banks, the SMCI Superintendent, and Centurion, a medical services provider, as Defendants.   *Id.* at 2.   Plaintiff alleges that he is not receiving any treatment for his medical conditions, including gastroesophageal reflux disease, degenerative joint disease, major depression, and Hepatitis C, which Plaintiff claims he was exposed to while incarcerated at SMCI.   *Id.* at 4-7.   On the same date as the Complaint [1] was filed, Plaintiff filed the Motion for Preliminary

Injunction [3] requesting an order directing Defendants to provide Plaintiff with necessary medical care.   Mot. Prelim. Inj. [3] at 3.

Plaintiff subsequently filed the Motion for Joinder of Party [31], seeking to add "Dr. Deese," a physician employed by Centurion, as a Defendant.   Plaintiff also filed the Motion to Amend Pleading [34], seeking to add a claim regarding the service of his meals by unsupervised inmates.   Defendants have not filed any response to Plaintiff's pending motions.

Prior to filing this lawsuit, Plaintiff had previously accumulated three qualifying dismissals, or "strikes," for bringing past unsuccessful and frivolous civil actions under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1915.   R. & R. [38] at 2.   Under the PLRA, Plaintiff is only permitted to proceed *in forma pauperis* in future civil actions or appeals if he is "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).   Despite having three strikes, Plaintiff was permitted to proceed *in forma pauperis* in this suit because the Court "could not definitely state that Plaintiff did not meet the imminent danger exception to the three-strikes rule."   R. & R. [38] at 2; Order [11] at 1.

Defendants Banks and Fisher filed this Motion for Summary Judgment [23] on October 6, 2016, arguing that Plaintiff's case should be dismissed due to his failure to exhaust administrative remedies as required by the PLRA.[1]   Mem. Supp.

---

[1] Defendant Centurion joined in the Motion for Summary Judgment [23] and the Memorandum in Support of the Motion [24].   *See* Joinder [33].

Mot. Summ. J. [24] at 2-3.   Defendants point to Plaintiff's Complaint [1], in which he admits that he did not participate in the two-step MDOC Administrative Remedy Program ("ARP") regarding his grievances because "[it] would be fruitless because I have already talked to the medical administrator, and was denied." Compl. [1] at 3.   Defendants also submitted the Affidavit [23-1] of Joseph Cooley, the custodian of the ARP records at SMCI, who states that the program has no record of Plaintiff's alleged exposure and contraction of Hepatitis C or his claim of the denial of medical treatment.   Cooley Aff. [23-1] at 1.   Plaintiff did not file a response to the Motion for Summary Judgment [23].   However, Plaintiff did file an Exhibit List [37] and an Attachment [40] "to be offered as evidence in this case." Exh. List [37] at 1.

The Magistrate Judge entered a Report and Recommendation [38] on November 17, 2016, recommending that Plaintiff's conditions-of-confinement case be dismissed without prejudice.   R. & R. [38] at 2.   The Magistrate Judge determined that dismissal of this suit is mandatory under the PLRA because Plaintiff failed to exhaust the available administrative remedies prior to filing the lawsuit.   *Id.* at 1.   The Magistrate Judge recommended that Defendants' Motion for Summary Judgment [23] be granted and that Plaintiff's Motion for Preliminary Injunction [3] be denied.   *Id.* at 8.

The Magistrate Judge further recommended that Plaintiff's Motion for Joinder of Party [31] be denied as futile because Plaintiff's § 1983 claims regarding

medical treatment are barred. *Id.* at 8-9. The Magistrate Judge also recommended that Plaintiff's Motion to Amend Pleading [34] be denied because the proposed new claim regarding food service does not qualify for the imminent danger exception to the three-strikes rule and is therefore precluded by the PLRA. *Id.* at 9.

Plaintiff filed a written Objection [42] to the Report and Recommendation [38] on December 2, 2016. On December 22, 2016, the Court permitted Plaintiff to file a Supplemental Objection [44]. Defendants have not responded to the Objections [42], [44].

## II.   DISCUSSION

A.   Standard of Review

Because Plaintiff has filed written Objections [42], [44] to the Magistrate Judge's Report and Recommendation [38], the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (a party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* No. 2:12cv74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). The Court is not required, however, "to reiterate the findings and conclusions of the magistrate judge,"

5

*Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993), nor need it consider objections which are frivolous, conclusive, or general in nature, *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1997).   Where a party fails to file specific objections to the Magistrate Judge's Report and Recommendation [38], the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Federal Rule of Civil Procedure 56(a) states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   FED. R. CIV. P. 56(a).   Under Rule 56(c), a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c).

B.   <u>Analysis</u>

The PLRA requires prisoners to exhaust available administrative remedies before filing a conditions-of-confinement lawsuit.   42 U.S.C. § 1997e(a). "[E]xhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time."   *Dillon v. Rogers*,

596 F.3d 260, 272 (5th Cir. 2010).   Dismissal is mandatory where a prisoner fails to properly exhaust available administrative remedies before filing suit in federal court.   *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).   "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury."   *Dillon,* 596 F.3d at 272.

With respect to dismissal for failure to exhaust administrative remedies, Plaintiff objects that summary judgment is inappropriate on two grounds.   First, Plaintiff argues that he did in fact complete the MDOC ARP.   Second, Plaintiff argues that his failure to complete the MDOC ARP before filing suit was justified because there were no administrative remedies truly available to him.   After reviewing the record, the Court finds that Plaintiff's Objections [42], [44] should be overruled and his claims must be dismissed pursuant to the PLRA.

In his Supplemental Objection [44], Plaintiff disputes the Magistrate Judge's finding that Plaintiff did not complete the ARP program with respect to the claims that he has been denied treatment for gastroesophageal reflux disease, degenerative joint disease, major depression, and Hepatitis C.   Supp. Obj. [44] at 8. Plaintiff claims to have submitted evidence in an Exhibit List [37] of "grievances regarding hepatitis and other conditions."   *Id.*   However, the Court has reviewed the record and is not persuaded that the evidence supports a finding that Plaintiff has completed MDOC's ARP regarding the denial of treatment for these conditions.

On the contrary, Plaintiff's submissions contradict his claim that he has "filed

numerous ARPs requesting medical treatment but to no avail."[2]   Exh. List [37] at

3.   An ARP Second Step Response Form from 2010 demonstrates that Plaintiff

complained of, and was treated for, lower back pain and that he requested an HIV

test, which he received.   *Id.* at 6.   Plaintiff submitted two other Second Step

Response Forms from 2013 which both state: "2nd step invalid as no new issues

raised from 1st step with treatment provided."   *Id.* at 9, 11.   The Court is unable

to discern from this single sentence what grievances were being addressed or

whether the concerns were related to the claims in this lawsuit.   The only other

ARP documentation submitted by Plaintiff is a First Step Response Form from

October 2013 which describes the treatment Plaintiff received for arthralgia and

dermatitis.[3]   *Id.* at 10.   In sum, the Court finds that Plaintiff's Objections [42],

---

[2] Plaintiff has filed numerous lawsuits since obtaining three strikes.   *See* R. & R. [38] at 3-5.   In several of these suits, Plaintiff alleged similar claims to those in this case, including denial of medical treatment and inadequate treatment for Hepatitis C.   The Court notes that on several occasions courts have found that Plaintiff was not deprived of medical treatment, but rather was provided with medical treatment with which he disagreed.   *See Jackson v. Wexford Health Sources, Inc.*, No. 2:13cv19-KS-MTP (S.D. Miss. Feb. 20, 2013) (ECF. No. 13, at 3) ("Plaintiff's use of the phrase imminent danger in his complaint is simply an effort to craft his pleadings in a manner which would circumvent the § 1915(g) bar."); *Jackson v. Johnson*, No. 4:10mc2-JAD (N.D. Miss. Oct. 5, 2010) (ECF No. 6, at 2) (Plaintiff's "disagreement with the treatment he received does not state a cognizable claim under § 1983"); *Jackson v. Epps*, No. 4:07cv26-MPM-EMB (N.D. Miss. Feb. 7, 2007) (ECF No. 7, at 2) ("It is clear from the pleadings that Plaintiff has received medical treatment.").

[3] The remaining submissions appear to be wholly irrelevant to the issue of whether Plaintiff sought administrative remedies for his grievances because they do not demonstrate that any ARP was ever filed regarding his instant § 1983 claims.   *See* Exh. List [37] at 7 (a Medical Service Request Form from 2013 requesting ointment for a rash Plaintiff had on his leg); *id.* at 8 (correspondence from 2013 indicating that Plaintiff was treated on the same day his letter expressing concern about medical care was written); *id.* at 12 (letter informing Plaintiff that the "lab drawn on 3.28.16 will be discussed with [Plaintiff] at [his] next visit").   The Attachment [40] filed by Plaintiff on November 23,

[44] should be overruled because Plaintiff has not submitted competent evidence that he completed the ARP with respect to the claims alleged in this lawsuit.

Plaintiff also argues that, even if he did not complete the ARP with respect to his denial of treatment claims, the failure was justified because there was no administrative remedy available to him from individual Defendants Fisher and Banks.   Supp. Obj. [44] at 3-4.   Plaintiff contends that "Mr. Fisher and Ms. Banks are asking the [C]ourt to require a process that they know will never reach their office," because any medical grievances submitted through the ARP are addressed by the SMCI Medical Director, rather than by the MDOC Commissioner or the SMCI Superintendent.   Obj. [42] at 6.   Plaintiff also argues that administrative remedies were unavailable to him because he was allegedly told that MDOC would not pay for Hepatitis C treatment.   Supp. Obj. [44] at 5.   Plaintiff further maintains that the availability of administrative remedies is a disputed fact which warrants discovery and an evidentiary hearing such that his claims should not be dismissed.   *Id.* at 4-7, 9-10.

Plaintiff's Objections [42], [44] that Defendants are not entitled to summary judgment on exhaustion grounds because the ARP does "not extend to the Commissioner Mr. Fisher's office" and "the Superintendent Ms. Banks, as a policy [does] not answer any medical grievances" will be overruled.   Obj. [42] at 6.   The

---

2016, consists of a rehashing of the facts and arguments presented in the Complaint [1] as well as a 2008 newspaper article from the Clarion Ledger entitled "Prison health-care provider under fire."   *See* Newspaper Article [40-1].

fact that a separate party, such as the SMCI Medical Director, aside from the individual Defendants Fisher and Banks, may be the person who actually answers grievances related to medical treatment does not render the administrative remedy "unavailable."

It is also irrelevant that Plaintiff believes that participation in the ARP "would be fruitless because [Plaintiff] ha[s] already talked to the medical administrator, and was denied."   Compl. [1] at 3.   The Magistrate Judge correctly found that "[t]here is no futility exception to the PLRA's exhaustion requirement." R. & R. [38] at 8 (citing *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001)).   Plaintiff's conversations with medical personnel, or any other informal means of complaint he may have undertaken, do not constitute "proper exhaustion" within the meaning of the PLRA.   *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 360 (5th Cir. 2014).

The remainder of Plaintiff's Objections [42], [44] do not address the dispositive issue of Plaintiff's failure to exhaust the available administrative remedies before bringing his § 1983 claims in this Court.   For example, Plaintiff argues that summary judgment is inappropriate because his claims that he is not receiving adequate medical care have merit and are supported by evidence.   Obj. [42] at 1-5.   Similarly, Plaintiff objects to the recommended denial of his Motion for Joinder of Party [31] because the party he seeks to add, Dr. Deese, is "partly the bases [sic] of my denial of medical treatment claim."   *Id*. at 9.   These objections

will be overruled for the reason that the Court does not reach the merits of Plaintiff's Complaint [1] as his claims are barred by the PLRA.

Plaintiff further contends that the Magistrate Judge lacked jurisdiction to rule on his three Motions as well as Defendants' Motion for Summary Judgment [23].   Supp. Obj. [44] at 1-2.   This Objection [44] will be overruled because the Magistrate Judge did not in fact rule on the instant motions, but only recommended a disposition of the motions in the Report and Recommendation [38] pursuant to 28 U.S.C. 636(b)(1)(B).

Plaintiff also objects to the Magistrate Judge's Order [12] of August 24, 2016, denying Plaintiff's Motion to Appoint Counsel [5], an issue which is not addressed by the Magistrate Judge's Report and Recommendation [38].   Supp. Obj. [44] at 2-3, 10.   This Objection [44] will be overruled because it is not pertinent to the instant motions and because it was within the Magistrate Judge's discretion to refuse to appoint Plaintiff counsel.   *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Plaintiff objects to the Magistrate Judge's recommendation that the Motion to Amend Pleading [34] be denied, arguing that the proposed new claim regarding the service of food by inmates who are not screened constitutes an imminent danger exception to the three-strikes rule.   Obj. [42] at 7.   Plaintiff claims, without explanation, that "[t]hese conditions have led to the spread of infectious diseases." *Id.* at 8.   Plaintiff further alleges that he "never ha[s] regular size portions" and

11

"[t]hey are putting flies in trays and other things."   Mot. to Amend [34] at 3-4.
The Court finds that Plaintiff's proposed claim regarding food service does not
satisfy the imminent danger exception to the three-strikes rule under the PLRA.
Moreover, even if the conditions did qualify for the exception, the proposed claim
appears to be barred for failure to exhaust administrative remedies just as
Plaintiff's other § 1983 claims are barred.

Having conducted a de novo review of the record, the Court agrees with the
conclusions reached by the Magistrate Judge.   Plaintiff has not supplied competent
summary judgment evidence sufficient to demonstrate that he has exhausted the
available administrative remedies before filing this lawsuit as required by the
PLRA.   To the extent that Plaintiff's Objections [42], [44] raise new or additional
factual allegations, they are insufficient to overcome this dispositive issue and will
be overruled.   The Magistrate Judge's Report and Recommendation [38] will be
adopted as the finding of this Court, and this case will be dismissed without
prejudice.   Defendants' Motion for Summary Judgment [23] will be granted, and
Plaintiff's Motion for Preliminary Injunction [3], Motion for Joinder of Party [31],
and Motion to Amend Pleading [34] will be denied.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff David
Jackson's Objection [42] and Supplemental Objection [44] filed to the Magistrate
Judge's Report and Recommendation [38] are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [38] of United States Magistrate Judge John C. Gargiulo, entered in this case on November 17, 2016, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Preliminary Injunction [3], Motion for Joinder of Party [31], and Motion to Amend Pleading [34] are **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Summary Judgment [23] filed by Defendants Marshall Fisher and Jacquelyn Bank is **GRANTED**, and this civil action is **DISMISSED WITHOUT PREJUDICE.**   A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 6th day of February, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

13